# EXHIBIT 1

COMMONWEALTH OF VIRGINIA
### CIRCUIT COURT OF FAIRFAX COUNTY
4110 CHAIN BRIDGE ROAD
FAIRFAX, VIRGINIA 22030
703-691-7320
(Press 3, Press 1)

Doug V Goodwin vs. Toyota Motor Sales USA Inc

CL-2010-0005182

**TO:**   Toyota Motor Sales USA Inc
Serve: CT Corp System RA
4701 Cox Road Suite 301
Glen Allen VA 23060-6802

## SUMMONS – CIVIL ACTION

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the Clerk's office of this Court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

## APPEARANCE IN PERSON IS NOT REQUIRED BY THIS SUMMONS.

Done in the name of the Commonwealth of Virginia, on Wednesday, April 14, 2010.

JOHN T. FREY, CLERK

By: *Matthew B. Stenger*
Deputy Clerk

Plaintiff's Attorney  Stephen L Swann

**VIRGINIA:**

## IN THE CIRCUIT COURT FOR FAIRFAX COUNTY

| | |
|---|---|
| **DOUG V. GOODWIN**<br>    Plaintiff, | )<br>)<br>) |
| v. | )<br>)  CIVIL NO. *CL-2010-5182* |
| **TOYOTA MOTOR SALES, USA, INC.**<br>  Serve:        CT Corporation System<br>                4701 Cox Road, Suite 301<br>                Glen Allen, VA 23060-6802<br>                    Registered Agent,<br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) |

### COMPLAINT

Plaintiff, by Counsel, moves the Honorable Court for judgment against the said

Defendant for damages in the amounts as hereinafter set forth, with all interest, costs, ex-

penses of litigation, attorney's fees, and other relief, all of which are due from Defendant

upon the grounds set forth:

1. This is an action for damages and other relief for breaches of warranties, and

violations of the Virginia Motor Vehicle Warranty Enforcement Act, the Uniform

Commercial Code, the Virginia Consumer Protection Act, and the Federal Magnuson-Moss

Warranty Act; all pursuant to the lease of a defective and significantly impaired motor

vehicle.

2. The subject vehicle is a 2010 Toyota Prius motor vehicle (the "Vehicle"), Vehicle

Identification Number JTDKN3DUXA1087863.

3. Defendant Toyota Motor Sales, USA, Inc., ("Toyota" or "the manufacturer") is a

manufacturer or supplier of motor vehicles sold and leased by its authorized dealerships.

## STATEMENT OF FACTS

4. Plaintiff leased on or about December 14, 2009, this Vehicle, expressly and impliedly warranted by the manufacturer, from Ourisman Fairfax Toyota, Fairfax, VA.

5. Plaintiff has not agreed with Defendant, either prior to the date of lease or at anytime thereafter, to the various express warranty limitations and disclaimers concealed within the pages of the Vehicle's warranty manual.

6. Plaintiff has returned this Vehicle for defects in material and/or workmanship to the manufacturer's agents and dealerships for: erratic and delayed braking; unintended Vehicle acceleration; illuminations of warning lights; and other defects, conditions, and malfunctions.

7. At the time Plaintiff took delivery of this defective and unmerchantable Vehicle, he was unaware of concealed and hidden defects, conditions, or malfunctions; and undisclosed warranty limitations and disclaimers.

8. Defendant in its Safety Recall Notice SSC-AOB, titled ABS Actuator ECU Update Safety Recall Notice, has reported serious safety issues for and complaints in the subject Vehicle well known to Defendant prior to the Vehicle's lease to Plaintiff.

9. Plaintiff would not have leased this motor Vehicle had he known its true defective condition, nor retained it but for assurances of the manufacturer and its warranty repair agents and authorized dealers that all impairments were or would be repaired.

10. Plaintiff in good faith refrained from initiating litigation during the rights period, until after discovering that Defendant had failed to properly and completely repair the Vehicle and to correct reported defects, conditions, and malfunctions.

11. By his letter dated February 18, 2010, Plaintiff notified Defendant and its warranty repair agent of observed deficiencies in this Vehicle, requested that his complaints be submitted to any available dispute settlement program, and thereafter provided Defendant with one or more, additional and reasonable opportunities for cure after providing proper notification.

12. Defendant manufacturer and its warranty repair agents have failed to conform the Vehicle to its applicable warranties, or provide a refund and other amounts.

13. Plaintiff's Vehicle has been delivered to the service department of one or more authorized warranty repair dealerships for inspections and/or warranty repairs for correction of reported defects, conditions, or malfunctions on one or more occasions, and reported defects, conditions, or malfunctions continue to exist.

14. The Vehicle's defects, conditions, or malfunctions have significantly impaired the Vehicle's use, and market value, and safety to Plaintiff, who has used the Vehicle in substantial part for personal, family, and household purposes.

15. The Vehicle, now "parked" and removed from service, is in substantially the same condition as when it was first delivered to Plaintiff, with the exception of any deterioration or damage due to warranty repair attempts or from the Vehicle's defects or conditions; and Plaintiff has incurred additional expenses due to the necessary purchase of a replacement motor vehicle.

## COUNT ONE
## BREACH OF WARRANTY

16. Plaintiff incorporates the allegations of paragraphs 1 through 15 as if alleged herein.

17. Plaintiff is a "consumer" as defined at §59.1-207.11 (Warranty Enforcement Act) of the Code of Virginia and at 15 U.S.C. §2301(3) (Magnuson-Moss Warranty Act), and Defendant is a "manufacturer" as defined at §59.1-207.11, and a "supplier" as defined in 15

3

U.S.C. §2301(4); this motor Vehicle, defined at §59.1-207.11, is a "consumer product" as defined at 15 U.S.C. §2301(1), and the defects in this Vehicle constitute a "[N]onconformity" as defined at §59.1-207.11 and §59.1-207.13; and Defendant has refused to adopt informal dispute settlement procedures that satisfy the term "informal dispute settlement procedure" as defined at §59.1-207.15.

18. This motor Vehicle was manufactured or supplied by Defendant, a "warrantor" as defined by 15 U.S.C. §2301(5), after January 4, 1975; and the written warranties provided as a part of the basis of the bargain for this Vehicle satisfy the definition of "written warranty" found at 15 U.S.C. §2301(6); and Defendant has provided a "full" warranty under 15 U.S.C. §2304(a).

19. Defendant has failed to conform this Vehicle to its express warranties, which have failed of their essential purposes, within a reasonable time by correcting defects, conditions, or malfunctions made known to it and its agents.

20. Defendant has breached its implied warranty of merchantability, Virginia Code, §8.2-314 − said implied warranty of merchantability nondisclaimable pursuant to 15 U.S.C. §2308− in that:

a. this Vehicle, prior to and on date of sale and lease, and during the period of Defendant's express warranties, and under its contract description, would not pass in the retail trade without objection for the price paid and under the circumstances of the sales and lease transaction;

b. this Vehicle, prior to and on date of sale and lease, and during the period of its express warranties, has not been fit for safe and reliable transportation, and other ordinary purposes, which Plaintiff reasonably expected; and

4

c. a substantial of segment of the population would not find this Vehicle acceptable and in compliance with Defendant's warranties, terms, and representations for this transaction and for the subject Vehicle, and in compliance with Virginia and Federal law and regulations. *Bayliner Marine v. Crow*, 509 S.E.2d 499 (1999).

21. Defendant has violated Virginia Code §59.1-207.13 in its refusal to accept return of the Vehicle, and to offer a replacement vehicle or to refund the Vehicle's lease payments, acquisition fee and other charges, collateral charges, direct and incidental damages, and other damages and expenses, as required by §59.1-207.11 *et seq*.

22. Defendant has violated 15 U.S.C. §2304(a), and 15 U.S.C. §2310(D)(1) entitling Plaintiff to equitable rescission, in its refusal to refund the Vehicle's lease payments or to provide a replacement vehicle; and to reimburse charges, deposits, fees and taxes, collateral charges, direct and incidental and consequential damages, and other damages and expenses.

23. Defendant has intentionally concealed within its published warranty manual terms intended to limit incidental and consequential damages, and to disclaim implied warranties; and Defendant's unilateral effort to limit and disclaim damages and warranties arising under Virginia law, absent clear evidence of an agreement between Defendant and Plaintiff, is unenforceable under Virginia Code §8.2-719.

24. Defendant's failures to fully and conspicuously disclose terms, conditions and limitations in its factory warranty also violate the Magnuson-Moss Warranty Act, 15 U.S.C. §2302.

25. Defendant has breached its express warranties, which have failed of their essential purposes, and its implied warranty of merchantability, Virginia Code § 8.2-314, and is therefore in violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §2304.

26. As a proximate result of breaches of warranties by Defendant, Plaintiff has incurred substantial losses, and is entitled for violations of law to a full refund of the Vehicle's lease payments and other amounts, or Vehicle replacement, as he may elect; lease termination without penalty; the aggregate amount of collateral, consequential, and incidental damages for charges, sales and other taxes, insurance costs, substitute transportation and loss of use, and other expenses, in the amount of $48,998.13.

27. Plaintiff is also entitled, for breaches of warranties, to reimbursement of all litigation expenses for prosecuting this complaint, including reasonable attorney fees based on actual time ("lodestar") expended.

### COUNT II
### VIOLATION OF VIRGINIA CONSUMER PROTECTION ACT OF 1977 CODE OF VIRGINIA, §59.1-196 ET SEQ.

28. Plaintiff incorporates the allegations of paragraphs 1 through 27 as if alleged herein.

29. Plaintiff is within the category of "Person;" Defendant is a "Supplier" of "Goods" and "Services;" and Defendant's warranty promise for this motor Vehicle was a "Consumer Transaction;" all terms as defined by §59.1-198 of the Code of Virginia.

30. Defendant has violated the Consumer Protection Act, §59.1-200.A. by advertising or offering for sale, by its retail sales agent Ourisman Fairfax Toyota to a class of consumers, including Plaintiff, the subject unsafe and trouble-prone motor Vehicle without mandatory, conspicuous, clear and unequivocal disclosures by Defendant and its agent of known facts (*i.e.*, existence of electronic/mechanical defects, conditions, or malfunctions due to deficient design and /or manufacturing creating risk of braking capacity and sudden acceleration and loss of Vehicle control) which would have revealed its true, second-rate condition, in violation of Virginia Code §59.1-200.A.7.

31. For each violation whether intentional or otherwise, Plaintiff has been damaged and is entitled to recover actual damages or $500, whichever is greater, and reasonable attorney fees and court costs from Defendant (Virginia Code §59.1-204).

32. For each willful violation, Plaintiff is entitled to treble damages, or $1000, whichever is greater, in addition to fees and costs from Defendant.

WHEREFORE, Plaintiff demands judgment for damages against Defendant for breaches of warranties and Consumer Act violations, to fully compensate him for the Vehicle's lease payments (and other amounts); for lease termination without penalty and any charges and other expenses; and for actual, direct, collateral, incidental, and consequential and proximate harm; for loss of use and costs of substitute transportation including additional expenses for the purchase of a replacement motor vehicle; and for other expenses.

Plaintiff further requests reimbursement of his aggregate costs and expenses (including lodestar attorney's fees) and all litigation expenses, as authorized by Virginia and Federal law, to prosecute this complaint and as herein incurred, and pre-judgment and post-judgment interest, and such other relief as this Honorable Court may award.

Trial by jury for determination of liability is respectfully demanded.

Dated:   April 7, 2010

> Doug V. Goodwin
> By Counsel

Stephen L. Swann, Esq.
Virginia Bar No. 28540
Law Offices of Stephen L. Swann
1702 North Wakefield Street
Arlington, Virginia 22207
(703) 243-7938
(703) 342-0403  (telefax)
www.carlaws.com
Counsel for Plaintiff

7

# EXHIBIT 2

**VIRGINIA:**

### IN THE CIRCUIT COURT FOR THE COUNTY OF FAIRFAX

|  |  |
|---|---|
| DOUG V. GOODWIN, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| vs. | ) |
|  | ) |
| TOYOTA MOTOR SALES, U.S.A., INC., | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

Civil Case No. **CL-10-5182**

## ANSWER

Defendant Toyota Motor Sales, U.S.A., Inc. ("TMS") responds to plaintiff's complaint as follows:

### FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff failed to mitigate his damages.

### THIRD DEFENSE

Defendant acted in good faith at all times relevant to the complaint.

### FOURTH DEFENSE

The complaint is barred in whole or in part by the doctrines of waiver and/or estoppel.

### FIFTH DEFENSE

The damages complained of were caused in whole or in part by the acts or omissions of plaintiff and/or third-parties.

### SIXTH DEFENSE

Defendant reserves the right to assert the defense of the statute of limitations, if discovery discloses a basis therefore, as a complete bar to plaintiff's claims.

### SEVENTH DEFENSE

Defendant asserts that Plaintiff's claims fail for lack of subject matter jurisdiction and personal jurisdiction, improper venue, failure to sue and serve the proper party and real party-in-interest, waiver and estoppel, and accord, release and satisfaction.

### EIGHTH DEFENSE

Defendant denies that Plaintiff owns the subject vehicle and demands strict proof of ownership.

### NINTH DEFENSE

Plaintiff's claims may be barred for failure to provide Defendant with proper written notice of the vehicle's defects by certified mail as is required by the Virginia Uniform Commercial Code.

### TENTH DEFENSE

The nonconformity, defect, or condition, if any, of the subject vehicle does not substantially impair the use and market value of the motor vehicle.

### ELEVENTH DEFENSE

The nonconformity, defect, or condition, if any, of the subject vehicle is the result of abuse, neglect, or unauthorized modifications or alterations of the motor vehicle by Plaintiff and/or parties over which Defendant has no control.

### TWELFTH DEFENSE

Plaintiff has failed to give Defendant an opportunity to cure the nonconformity, defect, or condition, if any, of the subject vehicle.

### THIRTEENTH DEFENSE

Plaintiff has failed to plead specific facts which support a claim for incidental and or consequential damages, and Plaintiff's claims are, therefore, barred.

### FOURTEENTH DEFENSE

Defendant reserves the right, as discovery continues and as factual evidence is procured, to supplement and amend this pleading and to bring into these proceedings as Defendants or by way of Third-party demand or Cross-claim other parties who may be responsible as the circumstances may dictate herein.

### FIFTEENTH DEFENSE

Defendant denies all allegations not specifically responded to and further reserves the right to assert additional defenses.

### SIXTEENTH DEFENSE

Defendant responds to the numbered paragraphs of the complaint as follows:

1.     Paragraph 1 of the complaint states legal conclusions which do not require a response. To the extent that a response is required, TMS lacks sufficient information to admit or deny the allegations in paragraph 1 of the complaint.

2.     TMS lacks sufficient information to admit or deny the allegations in paragraph 2 of the complaint.

3.     Denied as stated.  It is admitted only that TMS is the authorized importer and a distributor, in certain geographic areas, of Toyota motor vehicles in the continental United States.

4.     TMS lacks sufficient information to admit or deny the allegations in paragraph 4 of the complaint.

3

5.    Paragraph 5 of the complaint states legal conclusions which do not require a response.  By way of further response, TMS pleads the terms, conditions and limitations contained in any applicable warranty and denies any concealment of terms, conditions, or disclaimers.  To the extent that a response is required, TMS lacks sufficient information to admit or deny the allegations in paragraph 5 of the complaint.

6.    Paragraph 6 of the complaint states legal conclusions which do not require a response.  To the extent that a response is required, TMS lacks sufficient information to admit or deny the allegations in paragraph 6 of the complaint.

7.    Paragraph 7 of the complaint states legal conclusions which do not require a response.  To the extent that a response is required, TMS lacks sufficient information to admit or deny the allegations in paragraph 7 of the complaint.

8.    Denied as stated.  It is admitted only that Safety Recall A0B (ABS Actuator ECU Update) was issued.  The terms of this Recall Notice speak for themselves.

9.    Paragraph 9 of the complaint states legal conclusions which do not require a response.  To the extent that a response is required, TMS lacks sufficient information to admit or deny the allegations in paragraph 9 of the complaint.

10.   Paragraph 10 of the complaint states legal conclusions which do not require a response.  To the extent that a response is required, TMS lacks sufficient information to admit or deny the allegations in paragraph 10 of the complaint.

11.   Paragraph 11 of the complaint states legal conclusions which do not require a response.  To the extent that a response is required, TMS lacks sufficient information to admit or deny the allegations in paragraph 11 of the complaint.

4

12.   Paragraph 12 of the complaint states legal conclusions which do not require a response.  By way of further response, TMS does not design, developmentally test, manufacture or assemble Toyota, Lexus or Scion motor vehicles in the ordinary course of its business and TMS was not responsible for the design, manufacture, assembly or developmental testing of the subject vehicle in this case.  To the extent that a response is required, TMS lacks sufficient information to admit or deny the allegations in paragraph 12 of the complaint.

13.   TMS lacks sufficient information to admit or deny the allegations in paragraph 13 of the complaint.

14.   Paragraph 14 of the complaint states legal conclusions which do not require a response.  To the extent that a response is required, TMS lacks sufficient information to admit or deny the allegations in paragraph 14 of the complaint.

15.   TMS lacks sufficient information to admit or deny the allegations in paragraph 15 of the complaint.

## COUNT ONE
## BREACH OF WARRANTY

16.   TMS incorporates by reference its responses to the allegations of plaintiff's Complaint, as though said answers were fully set forth herein.

17.   Paragraph 17 of the complaint states legal conclusions which do not require a response.

18.   Paragraph 18 of the complaint states legal conclusions which do not require a response.

19.   Paragraph 19 of the complaint states legal conclusions which do not require a response.

20.   Paragraph 20 of the complaint states legal conclusions which do not require a response.  To the extent that a response is required, TMS lacks sufficient information to admit or deny the allegations in paragraph 20 of the complaint.

21.   Paragraph 21 of the complaint states legal conclusions which do not require a response.  To the extent that a response is required, TMS lacks sufficient information to admit or deny the allegations in paragraph 21 of the complaint.

22.   Paragraph 22 of the complaint states legal conclusions which do not require a response.  To the extent that a response is required, TMS denies the allegations in paragraph 22 of the complaint.

23.   Paragraph 23 of the complaint states legal conclusions which do not require a response.  To the extent that a response is required, TMS denies the allegations in paragraph 23 of the complaint.

24.   Paragraph 24 of the complaint states legal conclusions which do not require a response.

25.   Paragraph 25 of the complaint states legal conclusions which do not require a response.

26.   Paragraph 26 of the complaint states legal conclusions which do not require a response.  To the extent that a response is required, TMS lacks sufficient information to admit or deny the allegations in paragraph 26 of the complaint.

27.   Paragraph 27 of the complaint states legal conclusions which do not require a response.

## COUNT TWO
## VIOLATION OF VIRGINIA CONSUMER PROTECTION ACT OF 1977
## CODE OF VIRGINIA §59.1-196 *et seq.*

28.   TMS incorporates by reference its responses to the allegations of plaintiff's complaint, as though said answers were fully set forth herein.

29.   Paragraph 29 of the complaint states legal conclusions which do not require a response.

30.   Paragraph 30 of the complaint states legal conclusions which do not require a response. To the extent that a response is required, TMS lacks sufficient information to admit or deny the allegations in paragraph 30 of the complaint.

31.   Paragraph 31 of the complaint states legal conclusions which do not require a response.

32.   Paragraph 32 of the complaint states legal conclusions which do not require a response.

WHEREFORE, Toyota Motor Sales, U.S.A., Inc. requests that the complaint be dismissed with prejudice and that it be awarded its attorneys' fees, costs, and such other relief as the Court deems appropriate.

Respectfully submitted,

William D. Ledoux, Jr. (VSB # 71198)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
1717 Pennsylvania Avenue N.W.
Suite 1200
Washington, D.C. 20006
Tel: (202) 659-6609
Fax: (202) 659-6699
*Counsel for Toyota Motor Sales, U.S.A., Inc.*

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant Toyota Motor Sales, U.S.A., Inc.'s Answer was mailed, First-Class postage prepaid, this 6th day of May, 2010, to the following counsel and parties:

> Stephen L. Swann, Esq.
> Law Offices of Stephen L. Swann
> 1702 North Wakefield Street
> Arlington, VA 22207

William D. Ledoux, Jr.