FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2010 JUN 16  A 9: 32

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

|  |  |  |
|---|---|---|
| DOUG V. GOODWIN | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10CV-514 |
| | ) | |
| TOYOTA MOTOR SALES, U.S.A., INC. | ) | |
| Defendant. | ) | |

## BRIEF IN SUPPORT OF MOTION TO REMAND

### I. INTRODUCTION

Plaintiff Goodwin moves the Court for remand of this action to the Fairfax County Circuit Court. The parties are residents of different states; however Plaintiff's actual damages for warranty breaches and consumer protection violations involving a leased motor vehicle do not exceed $75,000, and in fact, are substantially less. Even if treble damages are awarded on a "lemon" law verdict, as examined below, Mr. Goodwin's recovery would be less than $11,000.

Because this Court lacks jurisdiction, this matter should be remanded.

### II. STATEMENT OF FACTS

Plaintiff Goodwin agreed to lease for forty-eight months a 2010 Toyota Prius, for his daughter's use, from Ourisman Fairfax Toyota, in Fairfax, Virginia, on December 14, 2009. Each monthly lease payment is $376.87. This Toyota Prius is owned by Toyota Motor Credit Corporation (lease lessor). On date of delivery, Mr. Goodwin paid only the first month lease payment. He traded to Ourisman a used Toyota Camry with *negative* equity of $1813.13.

On several occasions during the period December, 2009 - February, 2010, Mr. Goodwin and his daughter observed an unusual delay in the vehicle's braking capability.

When the vehicle was presented to Ourisman's service department, the technician also observed the delayed braking problem and "reflashed" (*i.e.*, reprogrammed) the braking system's computer. This repair attempt unfortunately did not resolve this reported safety defect.

Plaintiff's Complaint, claiming damages of $48,998.13, was filed in Fairfax Circuit Court on April 9, 2010. As noted below, under Virginia law, the *ad damnum* amount in a complaint serves to maximize the recovery amount even if a jury's damage award is greater.

Defendant Toyota filed its Answer on or about May 6, 2010, and its Notice of Removal approximately two weeks later. At paragraph six of Defendant's Notice of Removal, Toyota speculates that

> [t]he amount in controversy exceeds $75,000 because Plaintiff seeks monetary damages of $146,994.39 plus attorney's fees and costs. See Exhibit 1, Compl. at ¶¶ 26, 31, 32 (alleging actual damages of $48,998.13 and seeking treble damages and attorney's fees pursuant to Virginia Code § 59.1-204.

Presumably, Toyota's claim suggesting a jurisdictional amount of approximately $147,000 mistakenly relied on a potential Consumer Act recovery by Mr. Goodwin of three times the entire amount plead in the Virginia Complaint. Defendant fails to provide any factual basis for its theory, however, which is not supported by Virginia law.

By counsel's letter dated May 21, 2010, to Defendant's attorney. Plaintiff Goodwin requested that Toyota withdraw its removal motion because the $147,000 is not supportable; and further agreed to stipulate to damages not exceeding $75,000. Again, in a second letter dated June 14, 2010, counsel agreed to a damages stipulation, and requested that the removal notice be withdrawn.

Included with these two letters – attached as exhibits to Plaintiff's Motion to Remand – the vehicle's buyers order contract and lease agreement were provided Toyota's counsel.

2

Of special significance here, the Lease Agreement clearly establishes the total of forty-eight

monthly payments – $18,089.76 – as Mr. Goodwin's maximum lease liability at the end of

the lease.  Obviously, payments made through December 2010, will be substantially less.

Explained in the May 21, 2010, letter (Exhibit One to Motion to Remand) is the fact that

thirteen months of payments only total $4899.31.

Because a successful consumer plaintiff only recovers a refund of lease payments

actually made through date of trial (December, 2010, for this example), Warranty Act

damages here would be less than $5000.  (This amount is further reduced by Plaintiff

Goodwin's negative equity, and the Warranty Act mileage credit due the manufacturer,

discussed *infra*.)

As detailed in this May 21st letter, awarded Consumer Act treble damages, speculative

at this stage, would only yield at most an additional $15,000.  Rather than Toyota's extremely

speculative $146.994.39 figure, a more predictable verdict even with treble damages would

be less than $11,000.

### III. VIRGINIA STATUTES

Defined categories of damages available for a successful consumer under the Virginia

Warranty Enforcement Act ("lemon" law) are specific and limited.  The manufacturer shall

> [a]ccept return of the motor vehicle and refund to the consumer, *lessor,* and any
> lienholder *as their interest may appear* the full contract price, including all collateral
> charges, incidental damages, less a reasonable allowance for the consumer's use of the
> vehicle up to the date of the first notice of nonconformity that is given to the
> manufacturer, its agents or authorized dealer. *Refunds or replacements shall be made to
> the consumer, lessor or lienholder, if any , as their interests may appear.* [Emphasis
> supplied.]

Va. Code Sect. 59.1-207.13.A.2.

In an amendment specifically addressing motor vehicle leases, the Warranty Act

permits the successful consumer to return the "lemon" vehicle to the manufacturer, after

which the lease is terminated without any penalty to the consumer, and the vehicle's title is transferred to the manufacturer by the lessor. Va. Code Sect. 59.1-207.13.A1.

Therefore, in a lease case, a successful consumer's statutory refund is generally limited, as his interest appears on the lease agreement, to a reimbursement of lease payments actually made, and provable loss of use expenses. This amount by statute may be further reduced by the mileage credit due the manufacturer, computed at one-half the IRS business mileage rate. Additionally, reasonable legal fees may be awarded.

This lease situation is distinguishable from the more common vehicle *purchase* scenario, whereby the consumer may recover a full refund of the vehicle's purchase price. This larger recovery is not available in a lease because vehicle ownership is in a third party, the lessor.

Specific statutory damages are also prescribed in the Virginia Consumer Protection Act, Va. Code Sect. 59.1-204:

> A. Any person who suffers loss as the result of a violation of this chapter shall be entitled to initiate an action to recover *actual* damages, or $500, whichever is greater. If the trier of fact finds that the violation was willful, it may increase damages to an amount not exceeding *three time the actual damages sustained*, or $1000, whichever is greater.
>
> B. Notwithstanding any other provision of law to the contrary, in addition to any damages awarded, such person also *may* be awarded reasonable attorneys' fees and court costs. [Emphasis supplied.]

Computation of actual damages for a willful Consumer Act violation involving a vehicle lease, even when trebled, would generally be limited to monthly lease payments made, less negative equity and the mileage credit, by the consumer.

Considering a lease termination (by settlement or trial) in December, 2010, Plaintiff Goodwin might expect to recover, even with treble damages, less than $7900:

4

| $4899.31 | Monthly lease payments x 13 mo. |
| (1813.13) | Reduction for negative equity from trade-in |
| ( 480.00) | Mileage credit off-set due Toyota (at .25/mi.) |
| **$2606.18** | Lemon Law Net Amount |

Upon proof of a violation of the Consumer Protection Act (for up to three times actual damages):

**$7818.54 \*** ($2606.18 x 3)

The sum of these two figures is less than $11,000.

( \*  This estimate does not include loss of use expenses, or litigation costs and fees)

Actual damages as defined by the Warranty Act and the Consumer Protection Act do not include litigation expenses and attorney fees.

## IV.  ARGUMENT

### A.  Goodwin's Complaint Determines Amount of Controversy

As a general rule, for Defendant's removal effort, examination of Plaintiff's complaint explaining the controversy and demanding damages of less than $49,000 is the starting point. Here, only the "sum demanded is in controversy," and federal jurisdiction does not lie.  14AA Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice and Procedure* §3702, 48 (3d. ed. Supp. 2009), cited in *Usery v. Anadarko Petroleum Corp.*, No.09-1113 (8th Cir. 2010), decided June 7, 2010 (ordering remand in minerals interest case due to failure of defendants to meet burden of proof).

Under Virginia law, the *ad damnum* amount specified in the complaint serves as the maximum recoverable amount.  *Powell v. Sears, Roebuck & Co.*, 344 S.E.2d 916 (Va. 1986). For removal, Defendant Toyota was required to show as a legal certainty damages greater than $75,000.

> But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that

his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

*St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288-89 (1938).

This Defendant Toyota can not do.  Even if Mr. Goodwin fully paid for the entire four years of his lease – $18,089.76, a figure evidenced by the Lease Agreement provided to Defendant's counsel – his "lemon" law loss (even if trebled) would be substantially less than $75,000.

The burden of establishing federal jurisdiction here falls on Toyota, the party seeking to litigate in federal court. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936), cited in *Gywn v. Wal-Mart Stores, Inc.,* 955 F. Supp. 44, 45-47 (M.D.N.C. 1977) (concluding that claim "in excess of $10,000" plus punitive damages was speculative for purposes of determining federal jurisdiction).

Few Fourth Circuit decisions on removal jurisdiction (and jurisdictional amount) exist. However, other federal courts have examined the issue.  For example, several Sixth Circuit opinions, cited in *Leys v. Lowe's Home Centers, Inc.,* 601 F.Supp.2d 908, 914-16 (W.D. Mich. 2009), have adhered to the principles that removal jurisdiction must exist at time of removal, and doubts should be resolved against removal. "In other words, removal statutes are strictly construed 'to promote comity and preserve jurisdictional boundaries between state and federal courts.'" *Leys* at 916 (citing Michigan and Sixth Circuit cases).  The court in *Leys* opined that defendant Lowe's "had not yet presented evidence sufficient to permit the factual findings needed for diversity removal jurisdiction." *Leys* at 908.  Post-removal filings, including a brief in opposition to a remand motion, should not serve to supplement a deficient notice of removal. *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995), cited in *Leys* at 917.

B. <u>Actual Damages are Limited by Virginia Statute</u>

As examined *supra*, Mr. Goodwin's actual damages in a Virginia "lemon" law claim for a defective, leased Toyota are relatively small. Unlike the situation where the consumer has purchased a vehicle and may be entitled to a full purchase price refund, in a lease, a Warranty Act violation (*i.e.*, failure to repair or replace the vehicle within a reasonable time) nets only a refund of lease payments made, and possibly minor incidental damages when proven (*e.g.*, loss of use expenses, etc.). This amount may be further reduced by negative equity going into the lease transaction, and the statutory mileage credit demanded by the manufacturer.

It is against this actual financial loss – the consumer's lease payments made, with set-offs – that the factfinder may consider enhanced damages not exceeding three times actual damages. From the facts here, evidenced by the lease transaction documents sent to Toyota's counsel, actual lease damages are not likely to exceed $2700. Application of the Consumer Protection Act's treble damages provision for willful violations, while speculative at this stage of proceedings, would increase the award to less than $11,000 (e.g., $2700, plus three times $2700). This is an example of the many "small value" consumer cases.

C. <u>Plaintiff Has Stipulated to Damages Not Exceeding $75,000</u>

A complainant's willingness to stipulate that his damages do not exceed $75,000 should be a significant factor in the Court's assessment of his remand request. *Schwenk v. Cobra Manufacturing Co.*, 322 F. Supp.2d 676, 679 (E.D. Va. 2004) (denying remand in light of totality of circumstances, which included counsel's refusal to stipulate, and his concession in personal injury case that Plaintiff intended to substantially increase *ad damnum* amount later). *See also Gwyn v. Wal-Mart Stores, Inc.*, 955 F. Supp 44, 47 (M.D. N.C. 1997) (holding

that stipulation would be considered where complaint did not clearly establish amount in controversy).

In counsel's letters of May 21, 2010, and June 14, 2010 (exhibits to the Motion to Remand), Plaintiff in good faith offered to stipulate that his damages do not exceed $75,000.

D. Plaintiff is Entitled to Costs and Fees for Opposition to Removal Action

Plaintiff is entitled pursuant to 28 U.S.C. Sect. 1447(c) in the Court's Order remanding a removed case to payment of "just costs and any actual expenses, including attorney fees, incurred as a result of removal." Absent proof by Defendant here of an objectively reasonable basis for removal – and there is none – Mr. Goodwin's hourly fees he has incurred should be awarded. *Martin v. Franklin Capital Corporation et al.*, 546 U.S. 132 (2005) (holding that fees may be awarded when removing party has no objectively reasonable basis for removal).

## IV. CONCLUSION

The burden is on Defendant Toyota to prove without speculation that Mr. Goodwin's actual damages and amount in controversy exceed $75,000. Doubts against removal favor the non-moving party. Mr. Goodman's Virginia complaint clearly reflects this amount in controversy as less than $49,000, an amount alleged that limits his recovery under Virginia case law.

Unlike cases for personal injury with future losses, this case is not open-ended where the loss is uncertain. One year's payments on the lease do not exceed $5000. As detailed *supra*, with the negative equity set-off and mileage credit adjustment, the amount in controversy here is less than $7900.

It is clear that under no reasonable theory or rational hypothesis available to Defendant Toyota at the time of removal, as a matter of law, does this complaint exceed

$75,000. This is true even if Toyota, again through speculation, argues that reasonable attorney fees should be included to increase the actual amount in controversy. Counsel has been unable to locate a Fourth Circuit opinion on the issue whether statutory fees are included in the computation of this jurisdictional amount. This is not however a factor for reasonable consideration at time of removal, when fees were minimal. Additionally, "lemon" law fees are not actual damages under Virginia law, and the parties would be required presently to speculate as to the amount of reasonable fees at time of trial (or settlement).

Unlike facts considered by the court in *Moffitt v. Residential Funding Company, LLC,* No. 10-1316 decided May 3, 2010 (4th. Cir 2010) (holding that plaintiff waived jurisdictional defects by filing amended complaint) Plaintiff Goodwin has taken no steps that would cure the lack of jurisdiction here. His *stipulated* claim is significantly less than the $75,000 threshold required, and speculation by Toyota without a factual basis fails to create jurisdiction where none could ever exist.

Here, Defendant Toyota's only basis for removal was founded on a simple computation by multiplication of the Complaint's *ad damnum* by a factor of three (*i.e.,* possible treble damages under the Consumer Protection Act).

Small value, consumer protection complaints arising solely under state law do not belong in federal court. State courts interpreting state laws provide proper and significantly less costly forums for warranty litigation. Here, there is no factual basis for removal, and Defendant Toyota, with the benefit of transaction documentation, should now recognize that its removal effort is not supportable in fact or law. Absent an objective reasonable basis for removal, Mr. Goodwin should be awarded his expenses incurred in opposing removal.

Plaintiff Goodwin respectfully asks this Court to conclude that Defendant Toyota has

failed to meet its evidentiary burden, and remand this matter to the Fairfax County Circuit

Court, and award fees.

Date:   June 15, 2010

                                        DOUG V. GOODWIN
                                        By Counsel


Stephen L. Swann, Esq.
Virginia Bar No. 28540
1702 North Wakefield Street
Suite 930
Arlington, Virginia 22207
Office     (703) 243-7938
Facsimile  (703) 855-9382
lemonlaw@msn.com
Counsel for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of June, Plaintiff's Brief in support of Motion to Remand was sent by facsimile and first-class mail, postage prepaid, to:

William D. Ledoux, Jr. Esq.
Eckert Seamans Cherin & Mellott, LLC
1717 Pennsylvania Avenue NW
Suite 1200
Washington, DC 20006

Stephen L. Swann