IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

_____

DOUG V. GOODWIN,

         *Plaintiff*,

v.

TOYOTA MOTOR SALES, U.S.A., INC.,

         *Defendant*.

_____

Civil Action No.  1:10-cv-514-LO-IDD

## DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC.'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Defendant Toyota Motor Sales, U.S.A., Inc. ("Toyota") respectfully opposes the motion to remand this action to the Circuit Court of Fairfax County filed by plaintiff Doug V. Goodwin. By its plain reading, plaintiff's Complaint clearly seeks to recover in excess of $75,000 in damages from out-of-state defendant Toyota. Accordingly, at the time of removal, which is the only relevant time, this Court had diversity jurisdiction over this matter such that a remand is inappropriate.

## RELEVANT ALLEGATIONS

In his Complaint, Mr. Goodwin asserts causes of action for breach of warranty under the Virginia Warranty Enforcement Act, the federal Magnuson-Moss Warranty Act and the Uniform Commercial Code, and for violation of the Virginia Consumer Protection Act. Compl. ¶1. Mr. Goodwin alleges he leased a defective vehicle from a Toyota dealership and the defects are such that it is unsuitable for use and has been removed from service. Compl. ¶¶ 4, 14, 15. Mr.

Goodwin alleges he "has incurred additional expenses due to the necessary purchase of a replacement vehicle." Compl. ¶15.

For breach of warranty, Mr. Goodwin claims he is entitled to (a) a full refund of lease payments and other amounts, or vehicle replacement, (b) lease termination, and (c) "the aggregate amount of collateral, consequential, and incidental damages for charges, sales and other taxes, insurance costs, substitute transportation and loss of use, and other expenses, in the amount of $48,998.13." Compl. ¶26. Mr. Goodwin also seeks "reasonable attorney fees based on actual ("lodestar") expended" for breaches of the alleged warranties. Compl. ¶27.

For breach of the Virginia Consumer Protection Act ("VCPA"), Mr. Goodwin seeks "actual damages … and reasonable attorney fees" as provided for by Virginia Code §59.1-204. Compl. ¶31. Mr. Goodwin also seeks treble damages for the alleged willful violation of the statute, in addition to fees and costs. Compl. ¶32. These claimed damages are mirrored in the *ad damnum* clause. Compl. at 7.

On its face, the Complaint demands treble damages of the specified amount of $48,998.13, which amounts to $146,994.39, plus attorney's fees and costs. At the time of filing, and the time of removal, the amount in controversy exceeded $75.000 by the plain language of the Complaint filed by plaintiff. Since removal, plaintiff has made representations that the amount in controversy is below the jurisdictional limit, but any post-removal acts or assertions by plaintiff do not alter these operative facts that establish diversity jurisdiction and preclude remand. *See generally* Pl.'s Mot. to Remand.

## ARGUMENT AND AUTHORITY

Upon a review of the Complaint, this Court has diversity of citizenship jurisdiction over this action because the complaint seeks in excess of $75,000, the parties are citizens of different

states, and defendant is not a citizen of the forum state.  The amount in controversy on the face

of the Complaint exceeded $75,000 at the time of filing and removal, the only relevant times for

consideration of jurisdiction.  The subsequent representations by counsel for plaintiff do not

defeat the diversity jurisdiction of this Court and remand is, therefore, improper.  Unlike cases

where the amount claimed in the Complaint is at issue, plaintiff clearly demanded in excess of

$75,000 and cannot now disavow his own pleading to defeat diversity jurisdiction.

### A.  Standard of Review of Removal Of This Diversity Action

"[A]ny civil action brought in a State court of which the district courts of the United

States have original jurisdiction, may be removed by the defendant . . . to the district court of the

United States for the district and division embracing the place where such action is pending."  28

U.S.C. § 1441(a)(2000).  Federal courts "shall have original jurisdiction of all civil actions where

the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs,

and is between . . . citizens of different states."  28 U.S.C. § 1332(a)(1).  "[B]y providing for

removal in the first place, Congress seems to believe that the defendant's right to remove a case

that could be heard in federal court is at least as important as the plaintiff's right to the forum of

his choice."  *McKinney v. Bd. of Trs.*, 955 F.2d 924, 927 (4th Cir. 1992).  Once jurisdiction

attaches upon removal, the federal court "is under a duty to exercise the jurisdiction conferred on

it by Congress."  *Hatcher v. Lowe's Home Ctrs., Inc.*, No. 2:10-cv-120, 2010 U.S. Dist. LEXIS

60306 at *10 (E.D. Va. June 16, 2010) (S.J. Morgan, Jr.).

In the motion to remand, plaintiff does not contest that the parties to this action have

diverse citizenship and does not raise any procedural challenges to the removal to this Court.

The sole issue disputed by plaintiff is whether the amount in controversy exceeds $75,000.  *See*

Pl.'s Br. in Supp. of Mot. to Remand Introduction.  When a removal is challenged, courts

examine the record existing at the time the petition for removal was filed when deciding whether the removal was appropriate. *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288-291, 58 S. Ct. 586, 82 L. Ed. 845 (1938). The amount in controversy in an action that is removed because of diversity of citizenship should be measured "at both the time of commencement and the time of removal." *Sayers v. Sears Co.,* 732 F. Supp. 654, 656 (W.D. Va. 1990).

### B.  The Amount In Controversy Is Established By The Complaint

In this action the plaintiff set forth a specific demand for damages and a statutory right to treble those damages such that more than $75,000 was claimed in the Complaint. When the amount in controversy is specified and apparent from the Complaint, a court need look no further to determine that the amount in controversy requirement has been met. There is no further burden of proof on the defendant because the plaintiff himself has filed the controlling pleading. The plaintiff is the master of the complaint and controls the amount claimed and the forum selected. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996). As such, "a plaintiff can 'resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 294, 58 S. Ct. 586, 82 L. Ed. 845 (1938). … this dicta in *St. Paul Mercury* was premised on the notion that plaintiffs would be bound by the amount alleged in the *ad damnum* clause of the complaint…." *Aikens v. Microsoft Corp.*, 159 Fed. Appx. 471, 475 (4th Cir. 2005); *see also* Pl.'s Br. in Supp. at p. 5 (correctly noting plaintiff is limited to recovering *ad damnum* in Virginia). For removal purposes, "the status of the case as disclosed by the plaintiff's complaint is controlling." *St. Paul Mercury,* 303 U.S. at 291. "The black letter rule 'has long been to decide what the amount in controversy is from the complaint

itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed in 'good faith.'" *Choice Hotels Int'l, Inc. v. Shiv Hospitality, LLC*, 491 F.3d 171, 176 (4th Cir. 2007) (quoting *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353, 81 S. Ct. 1570, 6 L. Ed. 2d 890 (1961)); *see also Shanaghan v. Cahill,* 58 F.3d 106, 112 (4th Cir. 1995).  Amendment of the Complaint after removal does not defeat federal jurisdiction.  *Brown v. Eastern States Corp.,* 181 F.2d 26, 28 (4th Cir. 1950).

In this action, plaintiff unequivocally claimed treble damages of the specified amount of $48,998.13, which amounts to $146,994.39, plus attorney's fees and costs.  This claim is plain from the face of the document and controls whether the amount in controversy meets the jurisdictional requirement.  Accordingly, at the time of filing of the petition for removal, diversity jurisdiction attached.

### C.  Plaintiff Cannot Divest This Court of Jurisdiction By Stipulation To Damages

Plaintiff filed his Complaint specifying the damages claimed, including treble damages by statute, and cannot now disclaim that amount.  When "a court can find the amount in controversy from the face of the Complaint, the normal rule still applies:  a later stipulation by the plaintiff is irrelevant."  *Hatcher,* 2010 U.S. Dist. LEXIS 60306 at *10 (E.D. Va. June 16, 2010) (quoting *Gwyn v. Wal-mart Stores, Inc.,* 955 F. Supp. 44, 46 (M.D.N.C. 1997)).  As such, even if "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction."  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292, 58 S. Ct. 586, 82 L. Ed. 845 (1938).

Plaintiff ignores this maxim and confuses the applicable tests of the amount in controversy for a motion to remand.  The "legal certainty" burden referenced by plaintiff applies

to a defendant attempting to either remove an action in which plaintiff specifically claims less than $75,000 in the Complaint or to dismiss an action filed by the plaintiff in federal court on diversity grounds claiming in excess of $75,000. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). When a plaintiff makes an unspecified demand for damages in a state court complaint, the defendant must meet a preponderance of the evidence burden that the amount in controversy supports removal. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007). When there is an <u>unspecified</u> amount of damages in the complaint:

> Some courts have, on the other hand, considered post-removal stipulations reducing the amount in controversy when a plaintiff's jurisdictional basis or claims are "ambiguous" or "indeterminate." See *Gebbia v. Wal-Mart Stores. Inc., 233 F.3d 880, 883 (5th Cir. 2000)* (asserting that post-removal affidavits may be considered in determining the amount in controversy only if the jurisdictional basis was ambiguous at the time of removal); *Tommie v. Orkin. Inc., No. 8:09-1225, 2009 U.S. Dist. LEXIS 60239, *3, 2009 WL 2148101 (D.S.C. July 15, 2009)* (remanding case when the plaintiff alleged an unspecified amount of damages in the complaint and later clarified the amount of damages sought was below the jurisdictional amount by filing a post-removal stipulation); *Gwyn v. Wal-Mart Stores. Inc., 955 F. Supp. 44, 46 (M.D.N.C. 1997)* ("A post-removal stipulation or amendment of the complaint to allege damages below the jurisdictional amount will not destroy federal jurisdiction once it has attached. However, when facing indeterminate claims, ... the court may consider a stipulation filed by the plaintiff that the claim does not exceed" the jurisdictional amount. (internal citation omitted)).

*Hatcher*, 2010 U.S. Dist. LEXIS 60306 at *8-9 (E.D. Va. June 16, 2010). The use of post-removal stipulations "is inapplicable in this case, though, because [plaintiff's] claim and jurisdictional basis were neither ambiguous nor indeterminate at the time of removal." *Id.* at *9-10. The plaintiff simply confuses the issues by looking to cases where the plaintiff either did not specify an amount in controversy or specified an amount less than $75,000 in bad faith to defeat the later attempted removal. In this action, upon review of the Complaint, the amount in controversy exceeds $75,000. This undisputed fact ends the inquiry.

### D.  Plaintiff Does Not Address All Damages He Claimed in the Complaint

Even if plaintiff were entitled to clarify his claim for damages by stipulation, plaintiff has not done so in this action.  In his memorandum in support of the motion to remand, plaintiff calculates specific damage amounts involving monthly lease payments, negative equity for his trade-in vehicle, and an offsetting mileage credit, but remains silent as to all other forms of recovery claimed in the complaint.  *See* Pl.'s Br. in Supp. at p.5.  Even though plaintiff acknowledges his "estimate does not include loss of use expenses, or litigation costs or fees," plaintiff fails to address the amount of the other forms of recovery he demanded in his Complaint.  *See* Pl.'s Br. in Supp. at p.5.  Accordingly, neither the defendant nor this Court can conclude that the amount in controversy is less than $75,000, even if a post-removal stipulation were permitted.

### 1.  "Actual Damages" under VCPA include all compensatory damages.

Plaintiff provides no itemization of the $48,998.13 claimed in the Complaint nor any basis for excluding any portion of that amount from the actual damages sought under the VCPA, all of which is subject to statutory treble damages.  Plaintiff makes the conclusory statement that defendant mistakenly believes "three times the entire amount plead" is claimed and lacks "any factual basis for its theory … which is not supported by Virginia law."  *See* Pl.'s Br. in Supp. at p.2.  As discussed below, Virginia law deems all compensatory damages to be "actual damages" and the VCPA provides for treble actual damages – and any mistake by defendant is apparently shared by Judge Lauck of the Eastern District of Virginia.

In Virginia, "actual or compensatory damages, the terms being synonymous are damages in satisfaction of, or in recompense for, loss or injury sustained …[and] covers all loss recoverable as a matter of right and includes all damages other than punitive or exemplary

damages." *Barnette v. Brook Road, Inc.*, 429 F. Supp. 2d 741, 751 (E.D. Va. 2006) (J. Lauck) (quoting *News Leader Co. v. Kocen*, 173 Va. 95, 3 S.E.2d 385, 391 (1939)).  As such, actual damages include "recompense for loss or injury actually received and include loss occurring to property, necessary expenses, insult, pain, mental suffering, injury to the reputation, and the like." *Id.* (quoting *Giant of Va., Inc. v. Pigg*, 207 Va. 679, 152 S.E.2d 271, 276 (1967)). Applying rules of statutory construction, the term actual damages in the VCPA includes all damages claimed as compensation by a plaintiff such as loss of use expenses. *Id.* at 752 (holding emotional distress claim is within "actual damages" as used in VCPA).

In the motion to remand, plaintiff fails to address the issue of the amount claimed as loss of use expenses or other damages.  In the Complaint, plaintiff alleges he "incurred additional expenses due to the necessary purchase of a replacement motor vehicle."  Compl. ¶15.  Plaintiff also seeks to recover "collateral charges, direct and incidental damages, and other damages and expenses, as required by [Virginia Code] §59.1-207.11, *et seq.*" Compl. ¶21; *See also* Compl. ¶22 (seeking "incidental and consequential damages, and other damages and expenses" pursuant to 15 U.S.C. §§2304(a) and 2310(D)(1)).  Without itemization, plaintiff then seeks the specified amount of $48,998.13 as "the aggregate amount of collateral, consequential, and incidental damages for charges, sales and other taxes, insurance costs, substitute transportation and loss of use, and other expenses." Compl. ¶26.

Plaintiff also makes clear that he expects to receive treble damages.  *See* Pl.'s Br. in Supp. at p.5 (calculating treble damages).  Rather than an ambiguous or indeterminate amount being claimed as exemplary or punitive damages, plaintiff seeks an amount calculable from the statutory provision authorizing such damages. *See* Va. Code § 59.1-204(A) ("may increase damages to an amount not exceeding three times the actual damages sustained").  Accordingly,

even with the correspondence from plaintiff's counsel and the amounts discussed in the brief in support of the motion to remand, the amount in controversy at the time of removal and to this day remains at least $146,994.39, treble the specified amount claimed by plaintiff as actual damages.

**2.   Statutory treble damages of the actual VCPA damages are included in the amount in controversy.**

Plaintiff makes clear that he seeks, and expects to obtain, a statutory award of three times the actual damages for his VCPA claim as punitive or exemplary damages, which are considered in determining whether the diversity jurisdiction amount in controversy has been satisfied.

In "determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered ... unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987); See also *Bell v. Preferred Life Assurance Soc'y,* 320 U.S. 238, 240, 64 S. Ct. 5, 88 L. Ed. 15 (1943).  Statutory punitive damages are included in determining amount in controversy. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1358 (11th Cir. 1996).  In determining the jurisdictional amount, both punitive damages and attorneys' fees are considered. *Capitol Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

As plead in the complaint and at issue at the time of removal, plaintiff claimed actual damages in the amount of $48,998.13, and an award of treble damages under the VCPA, making the amount in controversy $146,994.39 plus attorney's fees and costs.  This is the claim plaintiff set forth in his own complaint.  This is the claim as understood by the defendant under the law of Virginia.  This is the specified unambiguous amount in controversy for purposes of removal.

### 3. Attorney's fees are included when determining the amount in controversy.

Plaintiff in this action seeks an unspecified amount in attorney's fees as provided by his various statutory claims, which must be included in deciding whether the jurisdictional amount is met. "The Supreme Court has included attorney's fees in calculating the jurisdictional amount where either a statute or contractual clause creates a substantive right to the fees. This is the general rule in most courts and the Fourth Circuit is no exception." *CPFilms, Inc. v. Best Window Tinting, Inc.*, 466 F. Supp. 2d 711, 713 (W.D. Va. 2006) (citations omitted). Plaintiff seeks attorney's fees as authorized by Virginia Code § 59.1-204(B). Compl. ¶31. While it is difficult to estimate attorney's fees at the time of removal, one plaintiff was awarded $34,183 in attorney's fees in a case with actual damages of less than $2,000. *Wilkins v. Peninsula Motor Cars, Inc.*, 266 Va. 558, 587 S.E.2d 581 (2003). As such, even if plaintiff stipulates that his recovery of actual and treble damages is below $75,000 (which he has not done), there is no assurance that the amount in controversy is not significantly higher than that amount.

### E. Plaintiff is Not Entitled to Attorney's Fees Related to Motion to Remand

As discussed above, plaintiff's motion to remand should be denied on the merits as diversity jurisdiction attached at the time of filing of the petition for removal and there is no basis to divest this Court of jurisdiction. There is also no basis to claim counsel for defendant had a proper opportunity, or ability, to consent to the remand or avoid the need of plaintiff to file his motion. The second exhibit to plaintiff's motion to remand, a letter to counsel dated June 14, 2010, was mailed by plaintiff and received by counsel for defendant <u>after</u> the motion to remand was received by facsimile on June 15, 2010. *See* Mot. to Remand Certificate of Service. In addition, case law in the Eastern District of Virginia does not support a remand to state court even when counsel for the parties consent to a remand. *Hatcher v. Lowe's Home Ctrs., Inc.*, No.

2:10-cv-120, 2010 U.S. Dist. LEXIS 60306 at *11 (E.D. Va. June 16, 2010) (S.J. Morgan, Jr.).

Accordingly, there is no basis to award attorney's fees related to the filing of the motion to

remand.

## **CONCLUSION**

Plaintiff misconstrues the applicable case law when a complaint, on its face, states a

claim for a specified amount of damages that satisfies the diversity jurisdiction threshold.


Respectfully submitted this 6th day of July, 2010,


  /s/ William D. Ledoux, Jr.
William D. Ledoux, Jr. (VSB # 71198)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
1717 Pennsylvania Avenue N.W.
Suite 1200
Washington, D.C. 20006
Tel: (202) 659-6609
Fax: (202) 659-6699
Email: wledoux@eckertseamans.com
*Counsel for Defendant Toyota Motor Sales, U.S.A., Inc.*

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon all Parties' counsel of record, or upon the Party if no counsel of record appears, a copy of the within and foregoing **DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** by electronically filing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

> Stephen L. Swann, Esq.
> Law Offices of Stephen L. Swann
> 1702 North Wakefield Street
> Arlington, VA 22207
> *Counsel for Plaintiff*

This 6th day of June, 2010.

> /s/ William D. Ledoux, Jr.
> William D. Ledoux, Jr. (VSB # 71198)
> ECKERT SEAMANS CHERIN & MELLOTT, LLC
> 1717 Pennsylvania Avenue N.W.
> Suite 1200
> Washington, D.C. 20006
> Tel: (202) 659-6609
> Fax: (202) 659-6699
> Email: wledoux@eckertseamans.com
> *Counsel for Defendant Toyota Motor Sales, U.S.A., Inc.*