**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **DOUG V. GOODWIN**<br>  Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) Civil Action No. 10CV-514-LO-IDD |
| | ) |
| **TOYOTA MOTOR SALES, U.S.A., INC.** | ) |
|   Defendant. | ) |

## PLAINTIFF GOODWIN S REPLY TO
## TOYOTA OPPOSITION TO REMAND

Plaintiff, by counsel, respectfully replies to Defendant Toyota Motor Sales

Opposition to Mr. Goodwin s Motion to Remand this  small value  matter to the Fairfax

County Circuit Court.  The issue before the Court is whether, for removal purposes, the

amount in controversy computed at time of removal, inflated by a speculative Consumer

Protection Act multiplier, with reasonable attorney fees, exceeds $75,000.

Here, the amount in controversy   the computation of which begins with consideration

of Plaintiff s   actual damages sustained   (the Consumer Protection Act standard)    is

substantially less than the *ad damnum* amount plead.  At time of removal, this calculation

(examined *infra*) did not exceed $10,000.  Under Virginia substantive law, the plead amount

limits the maximum liability risk for a defendant.

Toyota s suggestion that it is at risk for almost $147,000 is without merit.

Defendant s simple calculation    multiplying Complaint s $48,998.313 *ad damnum* by a

factor of three to exceed $75,000     is unsupported in fact or law.  Even a *hypothetical total*

*award* in this case from trial, discussed *infra*, still fails to exceed this jurisdictional threshold.

For federal diversity jurisdiction, the *amount in controversy* can not exceed the plead amount found on the face of the Complaint under Virginia case law.

## A.  VIRGINIA LAW LIMITS AMOUNT IN CONTROVERSY HERE

Defendant (Opposition at p. 5) urges the Court to conclude that  plaintiff unequivocally claimed treble damages of the specified amount of $48,998.13...  which amounts to approximately $147,000 (plus fees and costs).  However, this theory ignores

1.  the limiting language of the Consumer Protection Act (Va. Code Sect. 59.1-204) permitting the trier of fact the option to  increase damages to an amount not exceeding three times the *actual damages sustained*, or $1000, whichever is greater [emphasis supplied]; and

2.  Virginia Supreme Court case law making it clear that any  recovery is capped at the amount plead.  *Powell v. Sears, Roebuck & Co.*, 344 S.E.2d 916 (Va. 1986).

> In Virginia, a plaintiff cannot recover more than he sues for though he can recover less. *Hook v. Turnbull*, 10 Va. (6 Call) 85 (1806)....  The *Hook* rule is supported by the same reasoning that weighs against the granting of  post-verdict motions to amend pleadings.  It would be unfair to cause a defendant and other interested parties to believe that plaintiff s claim is for a certain amount and no more only to let the jury award a greater amount.

*Powell* at 919.  Defendant concedes that Virginia law this <u>limits</u> Mr. Goodwin s damages in this case.  Opposition at p. 4.

In Virginia, damages (including exemplary Consumer Act damages) and the amount in controversy are  capped  by Plaintiff at the pleading stage.  It is against this Act s actual damages sustained computation that any multiplier would be considered.

Of course, at time of removal, Plaintiff s modest lemon lease damage claim did not include treble damages and substantial legal fees Toyota now seeks to add to the calculation.

Plaintiff s Complaint *ad damnum* establishes the maximum amount in controversy for federal jurisdiction. Even if actual damages sustained are multiplied by a factor of three, this amount can not exceed $48,998.13 under Virginia substantive law.

Here, Defendant Toyota has attempted to inflate damages in a simple Virginia lemon law and consumer claim where Plaintiff has specifically sought less than $75,000. Defendant has acknowledged its burden challenging a remand motion, yet has failed to show by a legal certainty (or even a preponderance) that the amount in controversy exceeds $75,000.

**B.      ACTUAL DAMAGES IN VIRGINIA  LEMON  LEASE SUBSTANTIALLY LESS THAN $75,000**

While the specifically plead amount in controversy is substantially less than $75,000, Plaintiff Goodwin s actual damages are much less. This is proven by examination of purchase and lease transaction documents available to Defendant s General Counsel, and provided in letters to outside counsel for Toyota and filed along with Plaintiff s Motion to Remand.

The narrowest issue before the Court requires computation of the actual damage sustained by Mr. Goodwin, in his warranty breach and consumer protection action, before application of a multiplier not to exceed three times damages. The amount plead by Plaintiff Goodwin less than $49,000 is not the appropriate figure for application of any treble damages multiplier.

**1. Amount in Controversy at Time of *Removal***

At removal, on May 18, 2010 (the time approved by the court in *Hatcher v. Lowe s Home Centers, Inc.*, filed June 16, 2010, and cited by Defendant in its Opposition at page 10-11), the amount of Mr. Goodwin s *net* actual damages sustained, even including fees and costs (which are not damages under Virginia law), was <u>less than $2100</u>:

3

| | |
|---|---|
| Monthly lease payments made (6 mo. x $376.87) | $2261.22 |
| Negative trade-in equity | (1813.13) |
| Warranty Act mileage credit due Toyota | ( 480.00) |
| Net: actual damage sustained | ( 31.91) |
| | |
| Filing & service fees (Fairfax Circuit Court) | 96.00 |
| Legal fees (lodestar rate - timesheets available) | 1970.70 |
| Actual Damages Sustained | $2034.79 |

As shown below, a *total* actual damage sustained calculation for Consumer Act enhancement purposes, even with his fees and estimated loss-of-use added, still fails to exceed $10,000:

| | |
|---|---|
| Actual damage sustained (at removal) | $2034.79 |
| Treble damages ($2034.79 x 3) | 6104.37 |
| Loss-of-use ($10/day x. 6 mo.) | 1800.00 ** |
| | $9939.16 |

(** Toyota has argued that Plaintiff should have addressed relatively minor loss-of-use damages in his lemon law claim, which are now added. Opposition, page 8.)

Even with a loss-of-use adjustment ($10/day) of $1800 added to the damages total, with maximum treble damages and fees, this modest claim *e.g.*, the amount in controversy was less than $10,000 at time of removal.

Important for the Court s consideration in deciding the amount in controversy at time of Toyota s removal, it is respectfully submitted that Plaintiff s actual damages were less than $2100; and even when multiplied by a factor of three, still did not exceed $10,000.

## 2. Hypothetical Total *Award* Damages Fail to Support Removal

Even in speculating about Plaintiff s hypothetical *total* damages and potential award projection at a trial in December, 2010, inclusive of legal fees, Toyota can not meet its burden to prove federal jurisdiction. For calculation of a hypothetical award in December, 2010, even including lease payments for over a year, this example is offered:

| | |
|---|---|
| Lease payments (13 mo.) | $4899.31 |
| Loss-of-use (365 days x $10/day) | 3650.00 |
| Set-off credits due Toyota | |
|     Negative equity | (1813.13) |
|     Mileage on vehicle | (480.00) |
| Warranty breach  actual  damages | $6256.18 |
| | |
| VCPA treble actual damages (maximum) | $18,768.54 |
| | $25,024.72 |
| | |
| Estimated fees *suggested* by Defendant | 34,183.00 |
| (*See* Opposition brief, page 10) | |
|     Hypothetical Award | $59,207.72 |

Therefore, even when inflated by a full year s lease payments, loss-of-use, speculative treble damages, and  guesstimated  legal fees through trial, any reasonable projection by Defendant Toyota can not exceed $75,000, and should be significantly less.

## C.    PLAINTIFF OFFERED STIPULATION THAT ACTUAL AND TREBLED DAMAGES LESS THAN $75,000

By counsel s letter of May 21, 2010 (Exhibit One to Motion to Remand, page 2), he clearly explained to Defendant s outside counsel that  [l]emon law lease damages here, even if trebled, fall well below $75,000!  :

> Therefore, at most, for Consumer Act damages, Mr. Goodwin unfortunately faces a ceiling of less than $15,000 even if a court applied the full treble factor.

> In summary, my client s complaint alleging his loss at $48,998.13 is patently reasonable under the facts here.  Lemon law lease damages here, even if trebled, fall well below $75,000!

> I do not believe you can support *in law* your $146,994.39 figure with any reasonable certainty, or even modestly exceed the $75,000 threshold.  Statutory limitations on Virginia warranty and consumer act damages are well established, unlike in some other areas of law.

There should be no reasonable doubt remaining  Plaintiff s counsel clearly communicated in two letters his client s position that federal jurisdiction could not exist for this lawsuit, and requested withdrawal of Toyota s removal.

**D.      DEFENDANT HAS NO OBJECTIVELY REASONABLE BASIS FOR REMOVAL AND LIABLE FOR PLAINTIFF S FEES**

Defendant, opposing an award of fees related to the remand motion, surprisingly suggests that it did not have a  proper opportunity, or ability, to consent to the remand or avoid the need of plaintiff to file his motion.   Opposition, page 10.

Suggesting otherwise, Defendant s eight page Answer filed on May 6, 2010, evidences a comprehensive investigation by Toyota of Mr. Goodwin s Prius claims before formally responding to his Complaint.  In its Answer, Defendant has raised fifteen specific defenses, followed by a SIXTEENTH DEFENSE addressing (and essentially denying) line-by-line each of Plaintiff s allegations.

Presumably counsel at Toyota s Office of General Counsel was well aware that Plaintiff s lemon law lease damages were modest, and even if trebled, could never exceed the federal threshold.

**CONCLUSION**

The parties are in agreement on at least one important point, noted in Toyota s opposition at page 4:

> ... The plaintiff is the master of the complaint and controls the amount claimed and the forum selected. [Case cited.]  As such,  a plaintiff can resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.   [Case cited.] ... this dicta in *St. Paul Mercury* was premised on the notion that plaintiffs would be <u>bound by the amount alleged</u> in the *ad damnum* clause of the complaint....   [Case cited.] [Emphasis supplied.]

Plaintiff Goodwin elected to limit his recovery to less than $49,000, and filed his lawsuit in Fairfax Circuit Court.  He is bound by Virginia law to the amount plead. His *amount in controversy* is substantially less than $75,000, even after adding speculative treble damages, and including Toyota-estimated legal fees for Mr. Goodwin through trial.

Even accepting Defendant s position that calculation of the amount in controversy must include these speculative Consumer Act treble damages and nine months of legal fees, grounds for removal are not reasonably proven.  Toyota has simply increased the *ad damnum* by a factor of three to exceed $75,000, while disregarding the significance that this is only a lemon lease, and Virginia substantive law limits its maximum liability established in the Complaint.

In light of total circumstances existing on date of Toyota s removal in May, 2010, and when strictly construed in light of the presumption against removal, Defendant Toyota has failed to meet its burden of proof.

Plaintiff Goodwin respectfully requests the Court to grant his Motion to Remand, and award his reasonable fees.  An order for remand is attached.

Date:   July 11, 2010

DOUG V. GOODWIN
By Counsel


/s/ Stephen L. Swann
Virginia Bar No. 28540
Attorney for Plaintiff Goodwin
Law Offices of Stephen L. Swann
1702 North Wakefield Street
Arlington, VA 22207
Tel.: 703.243.7938
Fax: 703.342.0403
Email: lemonlaws@msn.com

CERTIFICATE OF SERVICE

This is to certify that I have served upon all Parties  counsel of record, or upon the Party

if no counsel of record appears, a copy of the within and foregoing REPLY TO DEFENDANT

TOYOTA S OPPOSITION by mail (postage paid), and by electronically filing with the Clerk

of the Court using the CM/ECF system, which will send notification of such filing to the

following:

William D. Ledoux, Jr. Esq.<br>
Eckert Seamans Cherin & Mellott, LLC<br>
1717 Pennsylvania Avenue NW<br>
Suite 1200<br>
Washington, DC 20006

this 11th day of July, 2010.

> /s/ Stephen L. Swann
> Virginia Bar No. 28540
> Attorney for Plaintiff Goodwin
> Law Offices of Stephen L. Swann
> 1702 North Wakefield Street
> Arlington, VA 22207
> Tel.: 703.243.7938
> Fax: 703.342.0403
> Email: lemonlaws@msn.com